**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-24260-RAR**

**GRAND BAY INTERNATIONAL S.A.,** *et al.*,

     Plaintiffs,

v.

**HL HERITAGE CORP.,** *et al.*,

     Defendants.

_____/

**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION**
**FOR TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** comes before the Court on Plaintiffs' Renewed Emergency Motion for Temporary Restraining Order Based on Verified Complaint ("Motion"), filed on June 18, 2026. [ECF No. 6].  The Court having carefully considered the Motion, the record, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 6], is **DENIED** as set forth herein.

Plaintiffs' Motion seeks emergency injunctive relief "to restrain Defendants from going forward on Monday, June 22, 2026, with a Miami-based international commercial arbitration proceeding in which Defendants will present last-minute claims that cannot be part of the proceeding and late-produced evidence that cannot be admitted in the proceeding."  Mot. at 1. Specifically, Plaintiffs assert that they "satisfy all four prerequisites to be entitled to a temporary restraining order (and, in the future, a preliminary injunction) barring Defendants from irreparably tainting and destroying the validity and effectiveness of the arbitration scheduled to commence this coming Monday, June 22, 2026."  Mot. at 4.

Upon review of the Motion, the Court identifies numerous procedural and substantive deficiencies that warrant its denial. *First*, the Motion is not in compliance with the Local Rules. The Court is unable to ascertain whether Plaintiffs intended to file the Motion *ex parte*. The Motion was filed on Thursday afternoon, June 18, 2026, on the eve of a federal holiday, with the arbitration that Plaintiffs seek to enjoin scheduled for this coming Monday, June 22, 2026. It is not apparent from the Motion that the parties have conferred prior to its filing. As such, if the Court were to construe the Motion as an *ex parte* filing, it would be procedurally deficient as Plaintiffs have failed to "[i]nclude the words 'ex parte' in the title of the motion and explain the reasons for ex parte treatment." *See* S.D. Fla. Local Rule 5.4(d)(1). Further, Rule 7.1(a)(2) requires that "any motion seeking emergency or *ex parte* relief or a temporary restraining order, shall be accompanied by a proposed order that is filed and served submitted via e-mail to the Court." *See* S.D. Fla. Local Rule 7.1(a)(2). But Plaintiffs fail to attach any such proposed order.

*Second*, even if Plaintiffs did not intend for the Motion to be an *ex parte* filing, the Court is unable to grant the requested relief without the benefit of a full record. Given the last-minute nature of this filing, the Court is unable to set a briefing schedule to provide Defendant with an opportunity to respond and schedule a hearing, as is the Court's standard practice with motions for such extraordinary relief. While in some circumstances, the Court would be able to summarily grant such emergency relief, the Court is not persuaded that Plaintiffs have presented a true emergency warranting such expedited consideration. *See* Local Rule 7.1(d)(1) ("A filer requesting emergency action . . . must set forth in detail the nature of the emergency . . . [and] must certify that the matter is a true emergency[.] The unwarranted designation of a motion as an emergency motion may result in sanctions."). Here, to explain the emergency basis for the Motion, Plaintiffs merely state that the Motion "requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days" and

they note that "[i]f the Court does not rule on this motion before the arbitration hearing, then Plaintiffs will suffer irreparable harm." Mot. at 8–9. But "Plaintiffs initiated this litigation, and as such, any stress induced by such litigation has been caused, at least in part, by their decision to [bring] this case even after [the Tribunal denied Plaintiffs' Emergency Application in the underlying arbitration.]." *Freites v. Medina*, No. 25-CV-20465, 2025 WL 3905142, at *1 (S.D. Fla. Sept. 23, 2025) (cleaned up); *see also* Compl., [ECF No. 1-1] ¶¶ 33–35. Accordingly, "the stress that Plaintiff[s are] enduring as a result of this litigation does not create an emergency for which the Court must act." *Freites*, 2025 WL 3905142, at *1.

*Next*, given that this case was removed today, on June 18, 2026, hours before Plaintiffs filed the instant Motion, the Court has not had an opportunity to ascertain the parties' alleged basis for jurisdiction in federal court. It is the Court's standard practice to issue an Order Requiring Removal Status Report, requiring the removing party to submit a Removal Status Report including: (1) A plain statement of the nature of the claim and any counterclaim, cross-claim or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought; (2) A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third-party claim; (3) A list of all pending motions; and (4) A statement regarding whether the Defendant has removed the action within thirty (30) days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within thirty (30) days after service of summons upon the Defendant, if such initial pleading has then been filed in court and is not required to be served on the Defendant in the action. Without such information, the Court is unable to ascertain whether it has subject matter jurisdiction over this case, and the Court cannot proceed without subject matter jurisdiction. *See Univ. of S. Alabama v. Am. Tobacco Co.*,

168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

*Finally*, even if the Court were able to consider the merits of Plaintiffs' Motion, it would be unable to grant such an "extraordinary and drastic remedy." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). In determining whether a temporary restraining order is to be granted, the movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

As a threshold matter, the Court is unconvinced that Plaintiffs will succeed on the merits. Plaintiffs contend that they "will prevail on the merits of the claim in their Verified Complaint because they cannot be required or expected to participate in an unfair and invalid arbitration." Mot. at 6. While this may be true, it is unclear at this juncture and with a limited record whether this Court or the arbitrator is in the position to determine questions of arbitrability. *Capelli Enters., Inc. v. Fantastic Sams Salons Corp.*, No. 5:16-CV-03401-EJD, 2016 WL 4492588, at *5 (N.D. Cal. Aug. 26, 2016) (noting that whether "the parties clearly and unmistakably delegated the question of arbitrability to the arbitrator" was in dispute and denying Plaintiffs' *ex parte* motion for a temporary restraining order). And the cases to which Plaintiffs cite were all decided at a fundamentally different posture—after an arbitration award was made and where the moving party sought to vacate that award. *See* Mot. at 6 (collecting cases). Assuming the Court has jurisdiction over this case, the parties will not be precluded from raising these challenges following the arbitration.

Furthermore, Plaintiffs aver that "[f]orcing Plaintiffs to participate in such an arbitration—at great cost and wasted time—is clearly irreparable harm."  Mot. at 6.  But it is well established that "the expense of participating in an arbitration proceeding would not constitute irreparable injury."  *Triangle Const. & Maint. Corp. v. Our Virgin Islands Lab. Union*, 425 F.3d 938, 947 (11th Cir. 2005) (citing *Klay v. United Healthgroup, Inc*., 376 F.3d 1092, 1112 n.20 (11th Cir. 2004) (stating in dicta that the time and expense incurred in participating in arbitration proceedings do not constitute irreparable injury)).  Thus, based upon the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion, [ECF No. 6], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of June, 2026.

 

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**